## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**ANTONIO CARROTHERS**                                                            **PLAINTIFF**

**v.**                                                                                **No. 4:23CV216-DAS**

**DISCIPLINARY HEARING OFFICE**
**LT. HAMPTON**
**WARDEN MCDONALD**                                                   **DEFENDANTS**

### ORDER REVIEWING, *DE NOVO*, PRIOR ORDER [13] DISMISSING CASE; UPHOLDING DISMISSAL OF THE CASE

      This matter comes before the court on the plaintiff's response [14] to the court's order [12] for the plaintiff to show cause, within 21 days, why the instant case should not be dismissed with prejudice for failure to state a claim upon which relief could be granted. The deadline for the plaintiff to respond to the show cause order expired on February 17, 2025. The court dismissed the case on February 24, 2024, in accordance with the show cause order, noting that the plaintiff had not responded. The court did, however, receive the plaintiff's response, which was placed on the court's docket the next day – February 25, 2025. The plaintiff signed the response on February 17, 2025 – the day of the deadline. Under the "mailbox rule," a prisoner's document in federal court is deemed filed when he delivers it to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998) (relying on *Houston v. Lack* and its progeny). As such, the plaintiff's response was timely filed, and the court will now consider it when reviewing the prior dismissal *de novo*.

      In its show cause order, the court found that the plaintiff's sole claim – denial of due process during the prison rule violation process (and the related issue of taking of his property as restitution for the rule violation) – failed to state a valid claim under 42 U.S.C. § 1983. The primary due process

claim was dismissed because the punishment imposed for the infraction was not severe enough to trigger constitutional due process protections. *See Sandin v. Conner*, 515 U.S. 472 (1995). The court also found that the plaintiff's allegations regarding the taking of his property (funds from his inmate account) are not proper in federal court because Mississippi provides an adequate post-deprivation remedy under the state constitution.[1] *See Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss.App. 2012). The court discussed these issues in detail in its January 27, 2025, show cause order.

The plaintiff's response to the court's show cause order addresses neither rationale for dismissing the case; instead, the plaintiff argues that the case should not have been dismissed for failure to prosecute – which is unrelated to the court's reasons for dismissing the case. As the plaintiff's response did not address the court's reason for dismissing the case, the court's February 24, 2025, order [13] of dismissal remains in effect.

**SO ORDERED**, this, the 26th day of February, 2025.

/s/   David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[1] The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).